WILLIAM H. ROBINSON, RESPONDENT, *v.* THE NATIONAL BANK OF NEW BERNE, APPELLANT.

*Non-resident national bank — right to issue attachment against, before final judgment — U. S. Rev. Stat., § 5242 — construction of.*

The last clause of section 5242, of the United States Revised Statutes, in relation to national banks, providing that, "no attachment, injunction or execution shall be issued against *such association* or its property before final judgment in any suit, action or proceeding in any State, county or municipal court," only applies to such national banks as are described in the preceding part of the section, that is to say, such as have committed or are contemplating an act of insolvency, and does not prohibit the issuing of an attachment against the property of a solvent national bank, located and doing business in another State.

*The Central National Bank* v. *The Richland National Bank of Mansfield* (52 How. Pr., 136), and *Rhoner* v. *The First National Bank of Allentown* (14 Hun, 126), distinguished and not followed.

APPEAL from an order of the Herkimer Special Term, denying the defendant's motion to set aside a warrant of attachment.

*A. R. Dyett (R. W. Townsend, Att'y)*, for the appellant.

*T. C. Cronin*, for the respondent.

SMITH, J. :

The defendant is a banking corporation, created under the national banking law of Congress, and located and doing business at New Berne, in the State of North Carolina. Upon an affidavit showing these facts, and showing that the defendant was indebted to the plaintiff .on contract, and had personal property within this State, a warrant of attachment was issued by a justice of this court against the defendant before final judgment. The appellant contends that the attachment is void for want of jurisdiction in this court to issue it. The claim is based upon the last clause of section 5242 of the United States Revised Statutes (ed. of 1878), the whole of which section is as follows : "§ 5242. All transfers of the notes, bonds, bills of exchange, or other evidences of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate or of judgments or decrees in its favor, all deposits of money, bullion or other valuable thing for its use, or for the use of any of its shareholders or creditors, and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void ; and no attachment, injunction or execution shall be issued against such association or its property before final judgment in any suit, action or proceeding in any State, county or municipal court."

For the plaintiff, it is contended that the prohibition of the last clause applies only to such national banks as are described in the preceding part of the section ; that is to say, such as have committed, or are contemplating, an act of insolvency.

We are inclined to think that construction correct, and that the purpose of the clause is to prevent creditors of insolvent national banks from obtaining preferences before final judgment. The language certainly admits of that construction, and we should be unwilling to infer, from doubtful and ambiguous language, an intention, on the part of Congress, to divest the State courts of a pre-existing jurisdiction, even as to a provisional remedy merely.

But under our present Code, it would seem that if our State courts have not jurisdiction to attach the property of a foreign bank within the State, there is no mode in which jurisdiction can be acquired of such bank, unless one of its officers can be found within the State for the purpose of making personal service. Section 636 (Code of Civil Proceedure) provides, that a warrant of attachment may be issued against a foreign corporation (sub. 2), and a bank created by act of Congress is a foreign corporation. (Laws of N. Y., 1876, chap. 449, § 2, sub. 16, Temp. Act.) Section 707 (Code of Civil Proceedure) provides, that where a defendant, who has not appeared, is a foreign corporation, and the summons was served without the State, or by publication, the judgment can be enforced only against the property which has been levied upon, by virtue of the warrant of attachment, at the time when the judgment is entered. So, that if the clause under consideration applies to all national banks located without the State, it divests the courts of the State of all jurisdiction over such banks, so long as their officers keep without the limits of the state. A construction, leading to that result, ought not to be given to doubtful language. (*Cooke* v. *State National Bank of Boston*, 52 N. Y., 96.)

This view of the proper construction of the clause, is strengthened by the course of the legislation of Congress in respect to it. The original national bank act (U. S. Laws 1864, chap. 106) did not contain the clause in question. But section 57 of that act provided, that suits against any association under the act might be had in any circuit, district, or territorial court of the United States held within the district in which such association was established; or in any State, county, or municipal court in the county or city in which said institution was located, having jurisdiction in similar cases. That section has been held by our Court of Appeals to be permissive and not mandatory. (*Cooke* v. *State National Bank of Boston, supra.*)

In March, 1873 (U. S. Laws 1873, chap. 269, § 2), section 57 was amended by adding to it the words : " Provided, further, that no attachment, injunction or execution, shall be issued against such association, or its property, before final judgment in any *such* suit, action, or proceeding in any State, county, or municipal court." It

was held by the General Term in the First Department, that the prohibition contained in that amendment related only to suits, etc., against associations located where the suit is brought, and not to cases where the action is against a non-resident corporation. (South-. wick v. The First National Bank of Memphis, 7 Hun, 96.) By the revision of 1874, the clause in question was detached from the section to which it was originally appended, and was placed in section 5242, above quoted, and the word " such," above italicised, was omitted. The remainder of the original section 57 has been added to section 5198 of the Revised Statutes. (Stat. at Large, 1873–1875, app. p. 1437; U. S. R. S. [2d ed.], § 5198.)

It is a circumstance of no little importance in determining the question of construction under consideration, that the section in which the clause referred to is now placed, forms a part of that chapter of the title relating to national banks, which treats of their " dissolution and receivership." And the remainder of the section clearly relates to insolvent associations only. Thus, the allocation of the clause in question, as well as its verbiage, and the general rule of interpretation, above mentioned, seem to indicate very clearly that the construction contended for by the plaintiff is the true one.

The appellant's counsel cites the case of The Central National Bank v. The Richland National Bank of Mansfield (52 How. Pr. R., 136), decided at Special Term by Mr. Justice BARRETT, and the General Term case of Rhoner v. The First National Bank of Allentown (14 Hun, 126), which hold that an attachment cannot be issued against a national bank before final judgment, even though it has property within this State and is located and carries on business in another State. In the latter case, the court seem to have followed the reasoning of the judge at Special Term in the former case. In neither of the cases does it appear that the attention of the court was called to the fact that section 5242 is placed in the chapter relating to " dissolution and receivership." The opinions delivered do not advert to that circumstance, nor to the language of the remainder of the section in which the clause is found. Furthermore, in each case stress is laid upon the consideration that the prohibition did not interfere with the general jurisdiction of the State courts over national banks. Those cases

appear to have arisen under the Code of Procedure, which did not contain the provision of section 707 of the present Code, already adverted to. That section contains the substance of rule 34, referred to by Judge BARRETT. It is, also, to be observed, that for aught that appears in the report of those cases the defendants were insolvent. We think, therefore, those cases do not aid us in disposing of the present question.

Our conclusion is, that the order refusing to vacate the attachment should be affirmed, with ten dollars costs and disbursements.

TALCOTT, P. J., and HARDIN, J., concurred.

Order of Special Term affirmed, with ten dollars costs and disbursements.